**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Eugene Kline and Constance Kline,**
*on behalf of themselves and all others similarly situated*

*Plaintiffs*,

v.

Case No.  3:07-cv-084
Judge Thomas M. Rose

**HomEq Servicing Corp., and Reimer, Lorber, & Arnovitz, L.P.A.,**

*Defendants*.

---

**ENTRY AND ORDER GRANTING IN PART MOTION TO DISMISS BY DEFENDANT REIMER, LORBER & ARNOVITZ, DOC. 13, GRANTING IN PART MOTION TO DISMISS BY DEFENDANT HOMEQ SERVICING CORPORATION, DOC. 16, AND DISMISSING CASE.**

---

Plaintiffs Eugene Kline and Constance Kline have filed a complaint asserting claims of violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e and1692f; Deceptive and Misleading Practices under the Ohio Consumer Sales Practices Act, § 1345.01; Unjust Enrichment; and Breach of Contract.  Jurisdiction for the first claim is premised on federal question jurisdiction of 28 U.S.C. § 1331, while jurisdiction of the state law claims is possible under 28 U.S.C. § 1367 for these non-diverse parties.  Both defendants have filed motions to dismiss all claims.

Plaintiffs' response to the Defendant HomEq Servicing Corporation's motion informs the Court that they "have advised HomEq that they do not intend to pursue the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. against HomEq." Doc. 19 at 1.  Because Plaintiffs' Fair Debt Collection Practices Act claim against Defendant Reimer Lorber, & Arnovitz

is barred by the statute of limitations, the Court will dismiss Plaintiffs' Fair Debt Collection Practices Act claim. The Court will not choose to exercise its pendant jurisdiction over the state law claims, and will dismiss them without prejudice.

An FDCPA claim must be brought within one year from "the date on which the violation occurs." 15 U.S.C. §1692k(d). The Reimer law firm filed a foreclosure lawsuit against Plaintiffs on August 29, 2005. Plaintiffs contend that the FDCPA was violated in the manner in which the mortgage was thereafter reinstated. The Reimer law firm sent letters concerning reinstatement to Plaintiffs on November 18, 2005 and December 6, 2005. On March 7, 2006, Plaintiffs paid HomEq the fees necessary to reinstate the mortgage. On March 6, 2007, the instant case was filed.

Plaintiffs assert that their rights against Reimer accrued when Plaintiffs paid HomEq the fees necessary to reinstate their loan. The allegation against the Reimer firm, however, must be the means utilized to attempt to collect what is allegedly a debt for FDCPA purposes. Reimer last did this on December 6, 2005. Thus, any FDCPA claim against the Reimer firm must have been initiated by December 6, 2006.

This is not contrary to the cases Plaintiffs cite. The Court agrees that actions are not barred when initiated one year after the first collection letter sent to a debtor, as an action could be based upon the last collection letter sent. cf. *Murphy v MRC Receivable Corp.*, 2007 U.S. Dist. LEXIS 2929, *7-8 (W.D. Mo. 2007). Allowing an action to accrue against a firm that sent letters informing of the right to reinstate the loan when the debtor paid the amounts demanded to a third party, however, would deprive Reimer of the protections of the statute of limitations bar, as Plaintiffs could have waited as long as they chose before tendering a payment the Reimer was in no position to refuse.

Wherefore, Plaintiffs' FDCPA claim against the Reimer firm is barred. As Plaintiffs have disclaimed their FDCPA claim against HomEq, all federal questions of law in this matter are resolved. The Court hereby **GRANTS** Defendants' Motions to Dismiss, Docs. 13 and 16, with regard to the FDCPA claims.

Although the surviving state law claims were properly asserted along with the FDCPA claims in this Court by means of the supplemental jurisdiction provision of 28 U.S.C. § 1367, a court may decline such supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court declines to exercise its supplemental jurisdiction over this matter and **DISMISSES** the remaining claims without prejudice. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Monday, January 28, 2008.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE