UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | |
|---|---|
| EUGENE AND CONSTANCE KLINE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, :<br><br>Plaintiffs, :<br><br>-- against -- :<br><br>HOMEQ SERVICING CORP., and REIMER, LORBER, & ARNOVITZ CO., L.P.A. :<br><br>Defendants. : | Case No. 3:07 CV 00084<br><br>**NOTICE OF MOTION PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

Plaintiffs Eugene and Constance Kline, individually and on behalf of all others similarly situated, by and through their attorney Jeffrey Silverstein, hereby moves this court for an order, pursuant to Rule 60 of the Federal Rules of Civil Procedure, modifying its' prior Order dated January 28, 2008 dismissing plaintiff's federal FDCPA claim on statute of limitations grounds and allowing this action to go forward. A Memorandum in Support of this Motion is attached hereto.

        /s/ Jeffrey M. Silverstein\_
Jeffrey M. Silverstein - #0016948
Jeffrey M. Silverstein and Associates
627 S. Edwin Moses Blvd., Suite 2-C
Dayton, OH  45408
(937) 228-3731
Fax (937) 228-2252

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

------------------------------------- x

EUGENE AND CONSTANCE KLINE, ON BEHALF
OF THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED,

              Plaintiffs,

   -- against --

HOMEQ SERVICING CORP., and REIMER, LORBER,
& ARNOVITZ CO., L.P.A.

             Defendants.

-------------------------------------  :

Case No. 3:07 CV 00084

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER UNDER FEDERAL RULE 60(b)1

### Preliminary Statement

Plaintiffs Eugene and Constance Kline, individually and on behalf of all others similarly situated, by and through their attorney Jeffrey Silverstein, submit this memo of law in support of their motion pursuant to Rule 60 of the Federal Rules of Civil Procedure to have this court reconsider its Order dated January 28, 2008 granting summary judgment to Reimer, Lorber, & Arnovitz Co., L.P.A. ("Reimer") on plaintiff's claims under the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. §1692f, on the ground that the claim was barred by the one-year statute of limitations.

According to the allegations in plaintiffs' Complaint, defendants' "Reimer and HomeQ attempted to charge *and in fact charged* plaintiffs for amounts which were prohibited by the FDCPA" (Complaint, ¶ 18), including charges for "broker price opinions" (Complaint, ¶ 19), a Preliminary and Final Judicial Report during litigation (Complaint, ¶20), title reports by a "title insurance company which was affiliated with the

1

x

Riemer law firm" (Complaint, ¶ 21), and "excessive costs for service of process" (Complaint, ¶ 26).

The Complaint alleges, and defendants have not disputed, that "plaintiffs paid these improper charges on March 7, 2006", which was within one year of the commencement of this lawsuit. (Complaint, ¶ 31)

Section 1692f(1) of the FDCPA states that the following specific "conduct is a violation" of §1692f:

> *The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation)* unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §1692f(1) (emphasis added)  Consistent with §1692f(1), plaintiff alleged in Paragraph 35 of the Complaint that "defendants have collected amounts for attorneys' fees, service of process fees, title fees, preliminary judicial reports, final judicial reports and other costs and fees from plaintiffs which were not owed in violation of §1692f of the FDCPA." (Complaint, ¶35)

Notwithstanding plaintiff's undisputed allegation in the Complaint that "the collection of [the] amount" described in §1692f(1) from plaintiff occurred here on March 7, 2006, this court found that the statute of limitations began to run before "collection." Overlooking the specific allegations in the Complaint and §1692f(1)'s prohibition against the actual "collection of any [improper] amount", this Court held that "the allegation against the Reimer firm . . . must be the means utilized *to attempt to* collect what is allegedly a debt for FDCPA purposes", and that "Reimer last did this on December 6, 2005." (Order dated January 28, 2008 annexed hereto as Exh. A (emphasis added)) Therefore, according to this Court, though plaintiff had instituted the action within one

2

year of the defendants' actual "collection" of these allegedly improper amounts from Mr. Kline, the FDCPA statute of limitations had already run.

The court's conclusion that the actual "collection of an [allegedly improper] amount" is irrelevant for statute of limitations purposes where the defendant has previously made "attempts to collect" is contrary not only to the plain language of the FDCPA, but to every case which has decided the question. Moreover, even if accrual of the FDCPA statute of limitations was triggered solely by a debt collector's last attempt to collect an allegedly improper debt, this court's conclusion that the Reimer firm's last attempt to collect the debt at issue here was on December 5, 2005 was not only procedurally improper, but went completely beyond the arguments and documents submitted by defendant on the motion.

## ARGUMENT

## POINT I

### THE COURT IMPERMISSIBLY CONSIDERED EVIDENCE BEYOND THE COMPLAINT ON REIMER'S MOTION TO DISMISS

**(i) Federal Rule 60(b)**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order for, among other reasons, "mistake", "inadvertence", "surprise", and "excusable neglect." As the Sixth Circuit has stated, Rule 60 is intended to provide relief to a party in two instances:

> (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) *when the judge has made a substantive mistake of law or fact in the final judgment or order.*

3

Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (emphasis added)  As plaintiffs will show, this court made several mistakes of both law and fact in granting Reimer's motion to dismiss, warranting relief on plaintiff's instant motion.

      **(ii)    The Court Impermissibly Decided An Issue Which Was Not Raised By Any Party**

It is axiomatic that, on a motion to dismiss under Rule 12(b)(6), a court treats all well-pleaded allegations in the Complaint as true, and can dismiss the complaint "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." Kostrzewa v. City of Troy, 247 F.3d 633, 638 (6th Cir. 2001)  As a general matter, in reviewing a motion to dismiss, a district court "may not consider matters beyond the complaint." Id. at 643.

In support of the Reimer firm's motion to dismiss, the law firm submitted two payoff letters sent to plaintiff dated November 18, 2005 and December 6, 2005, arguing that the statute of limitations began to run "not when plaintiffs paid the alleged 'improper charges', but at the latest, on the date the Reimer firm sent its first reinstatement letter to the Plaintiffs – in this case the November 18, 2005 communication…." (Reimer Brief In Support Of Motion To Dismiss, p. 17. (emphasis in original))

Significantly, in its moving papers, Reimer *never* argued that the December 6, 2005 letter represented its *last* attempt to collect the allegedly delinquent amounts which are the basis for plaintiff's FDCPA claim.  Nevertheless – without indicating that it was even considering this issue on its own, much less providing plaintiff with an opportunity to submit evidence -- this court determined *sua sponte* that Reimer's December 6, 2005 letter was its last attempt to collect the debt, triggering the statute of limitations as of that date:

4

> The allegation against the Reimer firm [] must be the means utilized to attempt to collect what is allegedly a debt for FDCPA purposes. *Reimer last did this on December 6, 2005.* Thus, any FDCPA claim against the Reimer firm must have been initiated by December 6, 2006.

Order, Exh. A hereto, p. 2 (emphasis added)

In finding *sua sponte* that Reimer's December 6, 2005 letter was the law firm's "last" attempt to collect the alleged debt at issue, this court went far beyond its proper function on a motion to dismiss. Even if the Reimer firm *had* argued that its last attempt to collect the debt was on December 6, 2005, and even if the two payoff letters *had* constituted evidence supporting that proposition, this court still could not determine the issue of when Reimer ceased its' collection efforts until it had given plaintiff the opportunity to present opposing evidence. As the Sixth Circuit has repeatedly said:

> If the district court chooses to treat the motion as one for summary judgment, it must give the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. The district court did not give such notice to [plaintiff], however, *and to rule on a motion for summary judgment without giving [plaintiff] the opportunity to produce evidence … would* **constitute unfair surprise** *to the plaintiff, particularly because he did not file any affidavits or other documents outside the pleadings that would give him notice that the district court might venture outside the pleadings.*

Kostrzewa v. City of Troy, 247 F.3d at 643-44 (emphasis added)  See also Federal Rule of Civil Procedure 12(d) (emphasis added) ("if, on a motion under Rule 12(b)(6) … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion*")

5

Had the Court converted Reimer's Rule 12(b)(6) dismissal motion to one for summary judgment as it was required to do under the Federal Rules, plaintiff would have produced conclusive evidence showing that Reimer's efforts to collect the allegedly improper amounts continued well after December 6, 2005. Indeed, as shown in the court docket for HomeQ's foreclosure action against Kline (available online from the Montgomery County Clerk's Office at http://www.clerk.co.montgomery.oh ), the Reimer firm filed a Notice of Sale of plaintiff's home *on March 13, 2006* to satisfy the amounts allegedly owed by Kline, including the improper attorneys fees and costs ultimately paid to Reimer which are the subject of plaintiff's FDCPA claim.

Thus, this court clearly overlooked the posture of this case in granting Reimer's dismissal motion. In providing no notice that it intended to consider the question of when the Reimer firm stopped its collection efforts -- an issue not raised in Reimer's dismissal motion -- the court gave plaintiff no opportunity to respond either legally or factually to its conclusion that the statute of limitations under §1692e was triggered by Reimer's last collection attempt, and that Reimer ceased collection activity on December 5, 2005.

Appellate Courts have routinely reversed legal and factual determinations made under these circumstances. Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994) (reversing *sua sponte* grant of summary judgment where the circumstances "cause us to question the extent to which plaintiffs were on notice that they were required to make an evidentiary showing in connection with the motion"); Yashon v. Gregory, 737 F.2d 547, 551-52 (6th Cir. 1984) (reversing grant of summary judgment because the plaintiff "did not receive appropriate notice of the district court's intention to enter summary judgment", and "was

6

not afforded a fair opportunity to show why summary judgment should not be granted");

Horn v. City of Chicago, 860 F.2d 700 (7th Cir. 1988) ("failure to provide notice and opportunity to respond [to a court's *sua sponte* conclusion on a motion] is hazardous, because . . . it wastes judicial resources by producing avoidable appeals and remands, and deprives the adverse party of an opportunity to present arguments against dismissal")

For this reason alone, then, plaintiff's Rule 60(b) motion should be granted.

### POINT II

### THE COURT OVERLOOKED §1692F(1), WHICH DEMONSTRATES THAT A SEPARATE FDCPA VIOLATION OCCURS AT THE TIME IMPROPER AMOUNTS ARE COLLECTED

There is an equally fundamental problem with the court's conclusion that only attempts to collect allegedly improper amounts, and not the actual payment thereof, triggers the statute of limitations – it completely ignores the FDCPA's statutory language, and in particular §1692f(1) of the statute.

Repeatedly, the FDCPA states that it is a violation of federal law not only to "*attempt to* collect" amounts which should not have been charged, but to actually "*collect*" those amounts as well. See 15 U.S.C. §1692f ("A debt collector may not use unfair or unconscionable means *to collect or attempt to collect* any debt"); 15 U.S.C. §1692f(1) (making it illegal *to* "collect[] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement or permitted by law"); 15 U.S.C. §1692e(2) (making it illegal for a debt collector to make "a false representation of any services rendered or

7

compensation which may be lawfully received by any debt collector for the collection of a debt")

Thus, in finding that it is when the defendants "attempted to collect" the allegedly improper amounts from Kline and not when those improper amounts were actually collected which triggered the statute of limitations, the Court overlooked the plain language of §1692f(1) of the FDCPA, which demonstrates that the *attempt to collect* and the *actual collection* of improper amounts constitute separate and distinct violations of the FDCPA. As one court has stated in this regard, "courts construe either the attempt to collect a debt using prohibited practices, *or the actual collection of an amount greater than the amount actually owed by the consumer as violations of the FDCPA.* Whittingham v. Mortgage Electronic Registration Services, Inc., 2007 U.S. Lexis 33476, at *8 (D.N.J. 2007) (emphasis added)

Indeed, every single court which has considered the issue has agreed that collection of improper amounts constitutes a separate FDCPA violation, and has therefore found that the statute of limitations for a §1692f(1) claim is not triggered until the actual collection of the allegedly improper amount from the plaintiff. In Foster v. DBS Collection Agency, 463 F.Supp.2d 783 (S.D. Ohio 2006), for instance, this district rejected a virtually identical argument that the FDCPA statute of limitations accrued when an *attempt* was made to collect allegedly improper amounts, and not when such amounts were actually collected in violation of §1692f(1):

> Defendants incorrectly assume that the filing dates for their underlying state court complaints were the last actionable events, and that the statute of limitations began to run on those filing dates. Defendants actions after the state courts' judgments, however, ***such as collecting on the allegedly invalid state court judgments*** or garnishing class members'

8

> wages, *could also be actionable events that are relevant for statute of limitations purposes*. Defendants fail to explain to the Court why those are not actionable events for the relevant statutes of limitations.

Foster, 463 F.Supp.2d at 800.

Similarly, in <u>Witt v. Westfield Acceptance Corp.</u>, 2002 U.S. Dist. Lexis 7821 *2 (S.D. Ind. 2002), the Court also said that collection of an improper amount constitutes a separate violation for statute of limitations purposes:

> In a previous ruling issued Jan. 30, 2001, the court found that Witt's FDCPA claim based on defendants' act of filing suit to collect treble damages was time-barred because that act occurred more than one year before Witt filed this action on June 19, 2000 . . . The court also agreed . . . that the one-year limit did not bar Witt's claim that defendants had later violated the FDCPA *by actually collecting the judgment* from her, including the award of treble damages. The FDCPA prohibits in part the "collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

<u>Witt v. Westfield Acceptance Corp.</u>, 2002 U.S. Dist. Lexis 7821 at *2.

And in <u>Whittingham v. Mortgage Electronic Registration Services, Inc.</u>, 2007 U.S. Lexis 33476 (D.N.J. 2007), the court again held that collection of an improper amount constitutes a separate violation for statute of limitations purposes:

> The Court finds that because the statute has a one-year statute of limitations, that allegations in Plaintiff's complaint that the mortgage payoff letter constitutes a violation of the FDCPA are not timely. *However, Plaintiff's allegations that the actual payment of the debt constituted a violation of the FDCPA are timely.*

<u>Whittingham</u>, 2007 U.S. Lexis 33476, at *8-9 (emphasis added)

In sum, not a single court has interpreted the FDCPA's statute of limitations in the way the court has here.

9

In its ruling, this court expresses policy concerns that allowing the FDCPA statute of limitations to accrue upon collection will deprive debt collectors like Reimer of the protections of the statute of limitations:

> Allowing an action to accrue against a firm that sent letters informing of the right to reinstate the loan when the debtor *paid the amounts demanded to a third party…* would deprive Reimer of the protections of the statute of limitations bar, as Plaintiffs could have waited as long as they chose before tendering a payment the [sic] Reimer *was in no position to refuse.*

(Order, Exh. A, p. 2 (emphasis added))

There are several fundamental problems with this argument. First, §1692f(1) expressly defines a violation of the FDCPA as occurring upon "the collection of any amount" not authorized by either contract or state law. (15 U.S.C. §1692f(1)) According to the Oxford English Dictionary (2d ed.1991), the word "collection" means "the gathering in of money due, as taxes or private debts." It is well-settled that where a "statute's language is plain, the sole function of the courts is to enforce it according to its terms." <u>Vergos v. Gregg's Enters., Inc.,</u> 159 F.3d 989, 990 (6th Cir. 1998) (internal quotation marks and citations omitted)  Thus, unless interpreting §1692f(1) according to its plain meaning would somehow lead to an absurd result, the court is bound by the statute's language.

The court suggests such that an unfair result would occur if the limitations period is triggered by collection by claiming that -- since a debtor pays the amount demanded by a debt collector like Reimer "to a third party" creditor -- the creditor's collection of the improper amount should not trigger the statute of limitations against a debt collector like Reimer for "a payment [that] Reimer was in no position to refuse."  (Order, Ex. A, p. 2)

10

Again, however, the court's claim regarding the threat posed to debt collectors by enforcing §1692f(1) according to its plain terms is based on several critical assumptions of fact which are found nowhere in – and are indeed contrary to -- the existing record. As the Complaint alleges, a substantial portion of the money collected from plaintiff on March 7, 2006 related to payment for legal fees and services which the Reimer firm had <u>itself</u> demanded. See Complaint ¶ 19, (plaintiff wrongfully charged for Preliminary and Final Judicial Report ordered by Reimer during litigation); Complaint, ¶20 (plaintiff wrongfully charged for title reports by a "title insurance company which was affiliated with the Riemer law firm"); Complaint, ¶ 21 (plaintiff wrongfully charged "excessive costs for service of process") Complaint, ¶ 35 ("defendants have collected amounts for attorneys' fees … which were not owed in violation of §1692f of the FDCPA").

Indeed, the Reimer payoff letters attached as Exhibits C and D to its moving brief confirm that Reimer was the recipient of a significant portion of the money which was paid by plaintiff on March 7, 2006. Thus, the Reimer payoff letter of December 5, 2005 states that the amount demanded in the Payoff Quotes which was ultimately paid by plaintiff on March 7, 2006 includes

> fees of $1100 attorney fees (Our office charge for legal service) and Costs of $2343.

(Exh. D to Reimer Moving Brief, p. 2)

Thus, this court's conclusion that the allegedly improper amounts collected from plaintiff on March 7, 2006 did not relate to legal fees or costs demanded by Reimer – and thus that the law firm was "in no position to refuse" plaintiff's payment -- is belied even by the existing record. The amounts demanded and collected by Reimer are precisely the types that are prohibited by the FDCPA. <u>See, e.g.</u>, <u>Strange v. Wexler</u>, 796 F. Supp. 1117

11

(N.D. Ill. 1992) (holding an attorney liable under the FDCPA for filing a complaint in a state collection action seeking attorneys fees which were not allowed under state law); Newman v. Checkrite, 912 F. Supp. 1354, 1378 (E.D. Cal. 1995) (same)

Finally, with all due respect, the notion that debtors in foreclosure actions could "wait[] as long as they choose" before paying the allegedly improper amounts simply defies reality.  Plaintiff Kline's home was in foreclosure, and a sale date of March 24, 2006 had been scheduled. Millions of other American homeowners in foreclosure face the same court-imposed deadlines.

Thus, the court's policy argument for taking the extraordinary step of ignoring the plain meaning of "collection" under 15 U.S.C. §1692f(1) does not survive scrutiny.

## CONCLUSION

For all of the above reasons, plaintiff respectfully submits that its motion under Rule 60(b) of the Federal Rules of Civil Procedure should be granted, allowing plaintiff's FDCPA claims and pendent state claims to go forward.

    /s/ Jeffrey M. Silverstein
Jeffrey M. Silverstein - #0016948
Jeffrey M. Silverstein and Associates
627 S. Edwin Moses Blvd., Suite 2-C
Dayton, OH  45408
(937) 228-3731
Fax (937) 228-2252

*Counsel for Plaintiffs*

12

# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

Eugene Kline and Constance Kline,
on behalf of themselves and all others similarly situated     Case No. 3:07-cv-84
Plaintiffs,

v.

HomEq Servicing Corp., and Reimer, Lorber, &
Arnovitz, L.P.A.,
Defendants.

**ENTRY AND ORDER GRANTING IN PART MOTION TO DISMISS BY
DEFENDANT REIMER, LORBER & ARNOVITZ, DOC. 13, GRANTING IN
PART MOTION TO DISMISS BY DEFENDANT HOMEQ SERVICING
CORPORATION, DOC. 16, AND DISMISSING CASE.**

Plaintiffs Eugene Kline and Constance Kline have filed a complaint asserting claims of violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e and 1692f; Deceptive and Misleading Practices under the Ohio Consumer Sales Practices Act, § 1345.01; Unjust Enrichment; and Breach of Contract. Jurisdiction for the first claim is premised on federal question jurisdiction of 28 U.S.C. § 1331, while jurisdiction of the state law claims is possible under 28 U.S.C. § 1367 for these non-diverse parties. Both defendants have filed motions to dismiss all claims.

Plaintiffs' response to the Defendant HomEq Servicing Corporation's motion informs the Court that they "have advised HomEq that they do not intend to pursue the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. against HomEq." Doc. 19 at 1. Because Plaintiffs' Fair Debt Collection Practices Act claim

13

**Case 3:07-cv-00084-TMR-SLO Document 33 Filed 01/28/2008 Page 2 of 3**

against Defendant Reimer Lorber, & Arnovitz is barred by the statute of limitations, the Court will dismiss Plaintiffs' Fair Debt Collection Practices Act claim. The Court will not choose to exercise its pendant jurisdiction over the state law claims, and will dismiss them without prejudice.

An FDCPA claim must be brought within one year from "the date on which the violation occurs." 15 U.S.C. §1692k(d). The Reimer law firm filed a foreclosure lawsuit against Plaintiffs on August 29, 2005. Plaintiffs contend that the FDCPA was violated in the manner in which the mortgage was thereafter reinstated. The Reimer law firm sent letters concerning reinstatement to Plaintiffs on November 18, 2005 and December 6, 2005. On March 7, 2006, Plaintiffs paid HomEq the fees necessary to reinstate the mortgage. On March 6, 2007, the instant case was filed.

Plaintiffs assert that their rights against Reimer accrued when Plaintiffs paid HomEq the fees necessary to reinstate their loan. The allegation against the Reimer firm, however, must be the means utilized to attempt to collect what is allegedly a debt for FDCPA purposes. Reimer last did this on December 6, 2005. Thus, any FDCPA claim against the Reimer firm must have been initiated by December 6, 2006.

This is not contrary to the cases Plaintiffs cite. The Court agrees that actions are not barred when initiated one year after the first collection letter sent to a debtor, as an action could be based upon the last collection letter sent. cf. Murphy v MRC Receivable Corp., 2007 U.S. Dist. LEXIS 2929, *7-8 (W.D. Mo. 2007). Allowing an action to accrue against a firm that sent letters informing of the right to reinstate the loan when the debtor paid the amounts demanded to a third party, however, would deprive Reimer of the

14

**Case 3:07-cv-00084-TMR-SLO Document 33 Filed 01/28/2008 Page 3 of 3**

protections of the statute of limitations bar, as Plaintiffs could have waited as long as they chose before tendering a payment the Reimer was in no position to refuse.

Wherefore, Plaintiffs' FDCPA claim against the Reimer firm is barred. As Plaintiffs have disclaimed their FDCPA claim against HomEq, all federal questions of law in this matter are resolved. The Court hereby GRANTS Defendants' Motions to Dismiss, Docs. 13 and 16, with regard to the FDCPA claims.

Although the surviving state law claims were properly asserted along with the FDCPA claims in this Court by means of the supplemental jurisdiction provision of 28 U.S.C. § 1367, a court may decline such supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court declines to exercise its supplemental jurisdiction over this matter and DISMISSES the remaining claims without prejudice. The captioned cause is hereby TERMINATED upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

DONE and ORDERED in Dayton, Ohio, on Monday, January 28, 2008.


s/Thomas M. Rose


THOMAS M. ROSE

UNITED STATES DISTRICT JUDGE

16

Case: 3:07-cv-00084-TMR Doc #: 34 Filed: 03/20/08 Page: 18 of 18 PAGEID #: 357

17